UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JP MORGAN CHASE,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID RENFRO,<br><br>    Defendant. | Case No.  15-cv-02705-BLF<br><br>**ORDER REMANDING CASE** |

This unlawful detainer action was originally filed in the Superior Court of California for the County of Santa Cruz on February 20, 2015 as Case No. CV181116.  This is now the second time that defendant David Renfro, who is represented by counsel, has removed the action to federal court.  In the first removal, Magistrate Judge Howard R. Lloyd determined that there was no basis for federal jurisdiction over the unlawful detainer action and recommended remand.  Report and Recommendation, No. 5:15-cv-01730-BLF, ECF 10 ("R&R").  This Court adopted the recommendation in its entirety and ordered remand on May 5, 2015.  Order Adopting Report and Recommendation, No. 5:15-cv-01730-BLF, ECF 15 ("Order Adopting R&R").

In this second removal, it is unclear what circumstances have changed so as to warrant fresh consideration of the basis for federal jurisdiction.  For one, the underlying complaint in this action is still the one filed on February 20, 2015 and, as such, Defendant's June 17, 2015 removal is not timely. 28 U.S.C. § 1446(b)(1).  More problematically, Defendant's notice of removal in the present case is nearly identical to the one that he filed in the first removal.  *Compare* Notice of Removal, No. 5:15-cv-01730-BLF, ECF 1 *with* Notice of Removal, No. 15-cv-02705-BLF, ECF 1.  To the extent Defendant continues to assert that there is federal jurisdiction on the basis of remedies that he seeks under the Americans with Disabilities Act of 1990, the Court reiterates its

conclusion that "because the unlawful detainer complaint is based solely on state law, no federal question jurisdiction lies regardless of any defenses or counterclaims Renfro might assert under the ADA." Order Adopting R&R at 1.  To the extent Defendant is here attempting to establish a factual basis for diversity jurisdiction under 28 U.S.C. § 1332(a), the Court has also rejected that basis for jurisdiction.  *See id.* at 2; *see* Notice of Removal ¶¶ 2, 6.  As Judge Lloyd explained in his Report and Recommendation, the underlying complaint clearly indicates that the amount in controversy does not exceed $10,000.  R&R at 3.  Moreover, it is well established that because unlawful detainer actions involve the right to possession alone, the amount in controversy is not the value of the property but rather the value of possession.  *Id.*; *MOAB Inv. Grp. LLC v. Moreno*, No. C-14-0092 EMC, 2014 WL 523092, at *1 (N.D. Cal. Feb. 6, 2014).  As such, that the value of the subject property may exceed $75,000 is irrelevant and Defendant has failed to demonstrate the amount in controversy required for federal diversity jurisdiction.[1]  The Court must accordingly order remand pursuant to 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction over this action.[2]

Judge Lloyd's Report and Recommendation in the first removal case already notified Defendant that "future attempts to remove this matter may result in sanctions."  R&R at 3.  Lest it was unclear before, the Court hereby adopts and reiterates that admonishment: future attempts to remove this matter may result in sanctions.

The Clerk of the Court is HEREBY ORDERED to remand this action to state court and close the case file.

**IT IS SO ORDERED.**

Dated: June 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court moreover notes that Defendant, a citizen of California, violated the forum defendant rule by removing to district court in California.  28 U.S.C. § 1441(b)(2).

[2] Defendant's Application to Proceed *In Forma Pauperis* is DENIED as moot.  ECF 5.